Matter of the Estate of PATRICK DONOHUE, Deceased.

(Surrogate's Court, New York County, June, 1921.)

**Wills — contested probate — lack of testamentary capacity — verdict sustained.**

> Where testator at the age of seventy-five made his will and subscribed it by his mark, and upon a contested probate the evidence upon the single question submitted to the jury was conflicting and from which different inferences might fairly be drawn, a motion to set aside a verdict that the testator was of unsound mind on the date of the execution of the will will be denied where the testimony of the attending physician as to testator's delusions, irrational acts and mental incompetency at the time of the making of the will, is sufficient to sustain the verdict.

PROCEEDING upon the probate of a will.

George W. Bristol, for proponent.

William Dike Reed, for contestant.

FOLEY, S.   The motion of the proponent to set aside the verdict is denied.   The jury found in answer to the single question submitted that the decedent was not of sound mind on the date of execution, October 2, 1919.

The testator was then about the age of seventy-five years.   He had been married to the contestant for forty-five years and lived with her on terms of affection.   He had long been ill of cancer.   The decedent left, besides his widow, a brother, nephews and nieces. The draftsman of the will was procured by a friend of the principal beneficiary.   The will was subscribed with the testator's mark.

The will first bequeaths two savings bank accounts amounting to $6,000 (all the property possessed by him), to Maria Egan, a niece. After this general legacy there was inserted a residuary clause giving all the rest, residue and remainder of his property to his " beloved " wife. This clause was clearly futile, because there was no property left to pass under it. It is hard to believe that the testator, a man of no great intelligence, would knowingly practice this subtle testamentary deception upon his faithful wife of almost half a century. The will also sets forth that he had previously amply provided for his wife, and that she had more than sufficient funds to support her during the rest of her life. The contestant sharply disputed the truth of this declaration.

The testimony of Dr. Egan, the attending physician of the deceased, as to delusions, irrational acts and mental incompetency at the time of the making of the will was sufficient to sustain the verdict. He was a physician of standing and experience. His observations were based upon frequent professional visits. He was, therefore, in a better position to know decedent's condition than most of the others who testified. The evidence of the various witnesses for the proponent related, to a great extent, to the condition, acts and conduct of the deceased more or less remote from the date of execution. The material question here, as in all probate contests, is the mental condition of the testator at the time of execution. The testimony of the subscribing witnesses — one of them a reputable attorney — while establishing the requisite formalities, must have been given little weight by the jury on the issue of capacity. These witnesses did not know the testator before the date of signing, and their opportunity for observation was exceedingly limited.

Surrogate's Court, Westchester County, June, 1921.    [Vol. 115.

The evidence was conflicting and different infer-
ences might fairly be drawn therefrom.   The issue
was, therefore, for the jury.  *Matter of Barney,* 185
App. Div. 782; *Matter of Hurley,* 189 id. 664; *Matter of
Eno,* 196 id. 131; *Matter of Strong,* 179 id. 539.  After
careful consideration of the evidence I believe that
the verdict was amply sustained and should not be
disturbed.   If there was a retrial, the result, in my
opinion, would be the same.   This probability must
be taken into consideration by the court.   *Matter
of Spang,* 197 App. Div. 310.  " Questions of fact
arising in an action to determine the validity of a
will are no different in this respect from questions of
fact in any other case.  *  *  *   The good sense of the
jury, when aided by proper instructions from the
court, is the best and, indeed, the only protection
that litigants ordinarily have in the determination of
issues of fact, depending upon conflicting evidence,
even when such issues arise in actions to determine
the validity of the most important testamentary
instruments."  *Hagan* v. *Sone,* 174 N. Y. 317, 323.
The jury was not influenced by sympathy, prejudice
or bias, and the motion must be denied.

Decreed accordingly.